IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALLEBE C.F.L., | Civil No. 1:26-cv-03651-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| | A# 216-891-770 |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, *et al.*, | |
| Respondents. | |

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner Kallebe C.F.L.[1] petitions for a writ of habeas corpus under 28 U.S.C.

§ 2241.  He notes that after he entered the United States in February 2021, he was

detained by immigration authorities and subsequently released on his own

recognizance.  At that time, the government assessed that he was neither a flight risk

nor a danger to the community.  The record reveals no reason to think otherwise today.

To this day, Petitioner has no criminal history; his only encounter with law enforcement

appears to be a traffic stop conducted by local law enforcement of a vehicle in which he

was a passenger.  And to this day, there is no final order of removal against him.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

But on April 6, 2026, while on his way to work—and without any notice, process, or explanation of why his circumstances might have changed—Petitioner was arrested by immigration authorities following that traffic stop.  He has been in immigration detention ever since.  And just as the government gave him no prior opportunity to forestall his arrest and detention, it has given him no procedural opportunity to challenge his detention now that he is in custody.  So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

Many district judges, both in this district and others, have granted petitions just like this one.  *See, e.g.*, *A.J.S.M.P. v. Mullin*, No. 1:26-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Sergio D.L.S. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02821, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders" such as the ones listed above.  Dkt. No. 5.  The court thanks Respondents for their timely and candid response.  Dkt. No. 7.  In it, they maintain their position that

Petitioner's arrest and detention was constitutional.  But they acknowledge that the matter is "not substantively distinguishable from the prior orders referenced" in the court's Order to Show Cause.  *Id.* at pg. 1.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED as to Count Two, for the reasons stated in those prior orders.  Because it is unnecessary to resolve the remaining counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Kallebe C.F.L. (A# 216-891-770) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of

removal, or in the event exigent or urgent circumstances arise that justify arresting and

detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for

Petitioner.  This order resolves all pending motions.

IT IS SO ORDERED.

DATED:  May 14, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-03651-MWJS; *Kallebe C.F.L. v. Warden, California City Correctional Center,* et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS